UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEIDRA A. LINTZ,<br><br>            Plaintiff,<br><br>      v.<br><br>PATRICK R. DONAHOE,<br><br>            Defendant. | No.  2:14-cv-0224 JAM DAD PS<br><br><br>ORDER |

Plaintiff Deidra Lintz is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending before the court for review is plaintiff's amended complaint and application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See also Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) ("Because Calhoun's complaint sought monetary relief for actions taken in the course of employment by persons who are immune from

1

1  suit, the district court properly denied in forma pauperis status."); Smart v. Heinze, 347 F.2d 114,
2  116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to
3  proceed in forma pauperis to determine whether the proposed proceeding has merit and if it
4  appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to
5  proceed in forma pauperis.").

6      Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of
7  poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to
8  state a claim on which relief may be granted, or seeks monetary relief against an immune
9  defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an
10 arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.
11 Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a
12 complaint as frivolous where it is based on an indisputably meritless legal theory or where the
13 factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

14     To state a claim on which relief may be granted, the plaintiff must allege "enough facts to
15 state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
16 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as
17 true the material allegations in the complaint and construes the allegations in the light most
18 favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.
19 Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245
20 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by
21 lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true
22 conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western
23 Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

24     The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

28 FED. R. CIV. P. 8(a).

1    Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a
2    complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that
3    state the elements of each claim plainly and succinctly.  FED. R. CIV. P. 8(a)(2); Jones v.
4    Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels
5    and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor
6    does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual
7    enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,
8    557).  A plaintiff must allege with at least some degree of particularity overt acts which the
9    defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

10    Here, plaintiff's amended complaint alleges, in relevant part, as follows.  Plaintiff was
11    hired by the United States Postal Service ("USPS") in 1987.  In 2007, apparently after plaintiff
12    suffered an injury, she filed "a EEOC . . . ."  (Am. Compl. (Dkt. No. 4) at 2.)  "Sometime in
13    2010," apparently after plaintiff's employment with the USPS had ended, plaintiff contacted Don
14    Smearaldi, Manager of Public Affairs and Communications Pacific Area, "to inquire about her
15    personal belongings of 12 years."  (Id. at 2-3.)  "Mr. Smearaldi indicated to Plaintiff that all of her
16    personal belongings had been thrown away."  (Id. at 3.)  Plaintiff completed a claim form for her
17    lost personal property but Mr. Smearaldi "failed to follow proper USPS rules and regulations to
18    adjudicate" plaintiff's claim.  (Id.)  Mr. Smearaldi, "then took liberty to fill out a Request for
19    Medical Information Form . . . ."  (Id.)

20    Based on these allegations the amended complaint asserts causes of action for
21    discrimination and retaliation in violation of the Rehabilitation Act of 1973 and Title VII,
22    violation of the Privacy Act of 1974 and violation of the Federal Employees' Compensation Act.
23    (Id. at 1.)  As to relief, the amended complaint seeks reimbursement of the cost of plaintiff's
24    destroyed property, "a letter of [a]pology for invading her privacy" and "compensation for
25    emotional distress, pain and anxiety and time spent preparing" the amended complaint.  (Id. at 6.)

26    Plaintiff's amended complaint, however, suffers from numerous defects.  Although much
27    improved over the original complaint, the amended complaint nonetheless fails to contain a short
28    and plain statement of a claim showing that plaintiff is entitled to relief.  For example, the

1   complaint alleges that the USPS retaliated against plaintiff by terminating her employment "after
2   the close of her EEOC complaints . . . ." (Id. at 4.)  That, however, is the extent of plaintiff's
3   factual allegations with respect to that claim.  Such vague and conclusory allegations are
4   insufficient to give the defendant fair notice of the plaintiff's claims and fail to allege facts that
5   state the elements of plaintiff's claim plainly and succinctly.[1]

6          Moreover, plaintiff previously filed a lawsuit in this court against the USPS on July 13,
7   2009, alleging that the USPS violated Title VII and the Rehabilitation Act by discriminating and
8   retaliating against plaintiff by, among other things, terminating her employment in November of
9   2008.[2]  See Lintz v. Potter, No. 2:09-cv-1907 GEB KJN PS, 2012 WL 2995674, at *2 (E.D. Cal.
10  July 23, 2012).  In that action, the assigned Magistrate Judge issued findings and
11  recommendations recommending that defendant's motion for summary judgment be granted and
12  that judgment be entered in favor of the defendant.  (Id. at *28.)  Those findings and
13  recommendations were adopted in full by the assigned District Judge and judgment was entered
14  in defendant's favor.  See Lintz v. Potter, No. 2:09-cv-1907 GEB KJN PS, 2012 WL 9034131, at
15  *1 (E.D. Cal. Sept. 13, 2012).

16         The claims plaintiff brought in her prior lawsuit, and any claim that plaintiff could have
17  brought in that lawsuit but failed to, would be barred from being brought in this action by res
18  judicata.  Under the doctrine of res judicata, "a final judgment on the merits bars further claims by
19  parties or their privies based on the same cause of action."  Montana v. United States, 440 U.S.
20  147, 153 (1979).  The doctrine also "bars all grounds for recovery which could have been
21  asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause

---

[1] To state a claim under the Rehabilitation Act, a plaintiff must allege facts showing that:  (1) she is a person with a disability; (2) who is otherwise qualified for employment; and (3) suffered discrimination because of her disability.  See Walton v. U.S. Marshals Service, 492 F.3d 998, 1003 n.1 (9th Cir. 2007).  To state a claim for retaliation under Title VII, a plaintiff must allege facts demonstrating that:  "(1) the employee engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment decision."  Davis v. Team Elec. Co., 520 F.3d 1080, 1093-94 (9th Cir. 2008).

[2] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

4

of action." C .D. Anderson & Co. v. Lemos, 832 F.2d 1097, 1100 (9th Cir. 1987) (internal quotations omitted).

To the extent plaintiff is attempting to bring claims under either Title VII or the Rehabilitation Act that she did not and could not have brought in her prior lawsuit, the court notes that Title VII and the Rehabilitation Act are applicable only in the employment context. Here, it appears from the allegations of plaintiff's amended complaint that her employment with the USPS ended well before her property was disposed of and/or plaintiff discovered that the USPS had disposed of her property.

Moreover, there is no discussion in the amended complaint of plaintiff's efforts to exhaust her administrative remedies as to those claims she is now attempting to present that are unrelated to her prior lawsuit. See generally Leong v. Potter, 347 F.3d 1117, 1122 (9th Cir. 2003) ("Although failure to file an EEOC complaint is not a complete bar to district court jurisdiction, substantial compliance with the exhaustion requirement is a jurisdictional pre-requisite."); Cherosky v. Henderson, 330 F.3d 1243, 1245 (9th Cir. 2003) ("In order to bring a claim under the Rehabilitation Act, a federal employee must exhaust available administrative remedies."); Sommatino v. U.S., 255 F.3d 704, 708 (9th Cir. 2001) ("substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency is a jurisdictional prerequisite"); Thompson v. Donahoe, 961 F.Supp.2d 1017, 1025 (N.D. Cal. 2013) ("A plaintiff must exhaust her administrative remedies for a court to have subject matter jurisdiction over her Title VII claims. Claims brought under the Rehabilitation Act must also be exhausted.").

Additionally, "[d]iscrimination claims under Title VII ordinarily must be filed with the EEOC within 180 days of the date on which the alleged discriminatory practice occurred."[3] Laquaglia v. Rio Hotel & Casino, Inc., 186 F.3d 1172, 1174 (9th Cir. 1999) (citing 42 U.S.C. § 2000e-5(e)(1)). See also Leorna v. U.S. Dep't of State, 105 F.3d 548, 550 (9th Cir. 1997) (federal

---

[3] Plaintiff will be granted further leave to file a second amend complaint. If plaintiff elects to file a second amended complaint, she should allege facts addressing her efforts to exhaust her administrative remedies, the timeliness of this action and the applicability of any tolling of the running of the statute.

1  employee required to exhaust administrative remedies before pursuing Rehabilitation Act claim).

2  "However, if the claimant first 'institutes proceedings' with a state agency that enforces its own

3  discrimination laws-a so-called 'deferral' state-then the period for filing claims with the EEOC is

4  extended to 300 days." Id. (citations omitted). California is a deferral state. Josephs v. Pac. Bell,

5  443 F.3d 1050, 1054 (9th Cir. 2006).

> If the EEOC dismisses the charge, a claimant has ninety days to file a civil action. 42 U.S.C. § 2000e-5(f)(1). This ninety-day period is a statute of limitations. Scholar v. Pacific Bell, 963 F.2d 264, 266-67 (9th Cir.1992). Therefore, if a claimant fails to file the civil action within the ninety-day period, the action is barred. Id. at 267.

9  Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 383 (9th Cir. 1997). See also Payan v. Aramark

10 Management Services Ltd. Partnership, 495 F.3d 1119, 1121 (9th Cir. 2007) ("If a litigant does

11 not file suit within ninety days of the date EEOC dismisses a claim then the action is time-

12 barred."). Here, according to plaintiff's amended complaint, it appears that the latest possible

13 date on which the alleged discriminatory act could have occurred would have been "[s]ometime

14 in 2010." (Am. Compl. (Dkt. No. 4) at 3.)

15    As to the Privacy Act claim, the amended complaint simply alleges that the USPS violated

16 the Act by requesting and receiving plaintiff's "Complete Employee Medical File." (Id. at 4.) No

17 further factual allegations are provided. The elements of a disclosure claim under the Privacy Act

18 are: (1) the information is covered by the Act as a "record" contained in a "system of records";

19 (2) the agency disclosed the information improperly; (3) the disclosure had an adverse effect on

20 the plaintiff; (4) the disclosure was willful or intentional; and (5) the plaintiff suffered actual

21 damages. Stafford v. Social Sec. Admin., 437 F. Supp.2d 1113, 1117 (N.D. Cal. 2006). See also

22 Doe v. Chao, 540 U.S. 614, 620 (2004) (actual damages are a required element of Privacy Act

23 claims). Here, the amended complaint fails to state the elements of a Privacy Act claim plainly or

24 succinctly.

25    Finally, with respect to the amended complaint's claim for violation of the Federal

26 Employees' Compensation Act, plaintiff alleges that the defendant "violated the FECA when it

27 requested . . . Plaintiff's Office of Worker's Compensation files" and when it used those files "in

28 connection with personnel matters . . . ." (Am. Compl. (Dkt. No. 4) at 5.)

The Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101 et seq., "establishes a comprehensive and exclusive workers' compensation scheme for federal employees." Markham v. United States, 434 F.3d 1185, 1187 (9th Cir. 2006). FECA requires the Government to "pay compensation . . . for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty." Moe v. U.S., 326 F.3d 1065, 1068 (9th Cir. 2003). Moreover, any remedies available under FECA are strictly administrative and any action for judicial review concerning questions of law or fact are barred. See 5 U.S.C. § 8128(b). The nature as well as the legal basis for plaintiff's FECA claim is therefore entirely unclear.

For the reasons explained above, plaintiff's amended complaint will be dismissed for failure to state a claim. The undersigned has carefully considered whether plaintiff may further amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)). See also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the court cannot yet say that it appears beyond doubt that further leave to amend would be futile. Plaintiff's amended complaint will therefore be dismissed, and she will be granted leave to file a second amended complaint. Plaintiff is cautioned, however, that if she elects to file a second amended complaint "the tenet that a court must accept as true all of the

7

1  allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of
2  the elements of a cause of action, supported by mere conclusory statements, do not suffice."
3  Ashcroft, 556 U.S. at 678.  "While legal conclusions can provide the complaint's framework, they
4  must be supported by factual allegations."  Id. at 679.  Those facts must be sufficient to push the
5  claims "across the line from conceivable to plausible[.]"  Id. at 680 (quoting Twombly, 550 U.S.
6  at 557).

7  Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an
8  amended complaint complete.  Local Rule 220 requires that any amended complaint be complete
9  in itself without reference to prior pleadings.  The second amended complaint will supersede the
10 amended complaint just as the amended complaint superseded the original complaint.  See Loux
11 v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in a second amended complaint, just as if it were
12 the initial complaint filed in the case, each defendant must be listed in the caption and identified
13 in the body of the complaint, and each claim and the involvement of each defendant must be
14 sufficiently alleged.  Any second amended complaint which plaintiff may elect to file must also
15 include concise but complete factual allegations describing the conduct and events which underlie
16 plaintiff's claims.

17 Accordingly, IT IS HEREBY ORDERED that:

18 1.  The amended complaint filed April 29, 2014 (Dkt. No. 4) is dismissed with
19 leave to amend.[4]

20 2.  Plaintiff is granted twenty-eight days from the date of this order to file a second
21 amended complaint that cures the defects noted in this order and complies with the Federal Rules
22 of Civil Procedure and the Local Rules of Practice.[5]  Any second amended complaint filed must
23 bear the case number assigned to this action and must be titled "Second Amended Complaint."
24 /////

---

[4] Plaintiff need not file another application to proceed in forma pauperis at this time unless plaintiff's financial condition has improved.

[5] Alternatively, if she no longer wishes to pursue this matter, plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

8

3. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated:  October 6, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\lintz0224.dism.lta.ord