UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEIDRA A. LINTZ,<br><br>         Plaintiff,<br><br>    v.<br><br>PATRICK R. DONAHOE,<br><br>         Defendant. | No.  2:14-cv-0224 JAM DAD PS<br><br><br>ORDER |

  Plaintiff Deidra Lintz is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

  On November 6, 2014, plaintiff filed a second amended complaint alleging claims pursuant to Title VII and the Rehabilitation Act against her former employer, the United States Postal Service.  (Dkt. No. 8.)  On July 17, 2015, defendant filed an answer, (Dkt. No. 15), and on August 28, 2015, the court issued an order setting a Status (Pretrial Scheduling) Conference for October 9, 2015.  (Dkt. No. 17.)

  On October 2, 2015, defendant filed a status report.  (Dkt. No. 19.)  Therein, defendant asserts that venue is not proper in this judicial district because the alleged unlawful actions were committed at the Embarcadero Postal Center in San Francisco, California which is located in the Northern District of California.  (Id. at 2.)  Moreover, according to defendant there is no reason to believe plaintiff's employment records are maintained and administered in this judicial district

nor would plaintiff have worked in this judicial district but for the alleged unlawful actions of the defendant. (Id.)

"In Title VII actions, venue is controlled by the specific venue provisions in 42 U.S.C. § 2000e-5(f)(3), as opposed to the general federal venue statute." Brigdon v. Slater, 100 F.Supp.2d 1162, 1163 (W.D. Mo. 2000). Pursuant to Title VII, "'[a]n action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice . . . .'"[1] Johnson v. Payless Drug Stores Northwest, Inc., 950 F.2d 586, 587 (9th Cir. 1991) (quoting 42 U.S.C. § 2000e-5(f)(3)). Moreover, employment discrimination claims under the Rehabilitation Act are governed by Title VII's venue provision, 42 U.S.C. § 2000e-5(f)(3). See Bolar v. Frank, 938 F.2d 377, 377-78 (2d Cir. 1991) (holding in Rehabilitation Act case that specific venue provision of Title VII applies rather than general venue provision in 28 U.S.C. § 1391).

This action, therefore, should have been filed in Northern District of California. In the interests of justice, this action will be transferred to the United States District Court for the Northern District of California for further proceedings. See 28 U.S.C. § 1404(a).

Accordingly, IT IS ORDERED that:

1. The Status (Pretrial Scheduling) Conference set for October 9, 2015 is vacated; and

2. This action is transferred to the United States District Court for the Northern District of California.

Dated: October 5, 2015

DAD:6
Ddad1\orders.pro se\lintz0224.transfer.ord.ord.docx

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

---

[1] In her status report, plaintiff argues that venue is proper in this judicial district because the "United States Postal Service engages in business in the Eastern District, where Plaintiff resides." (Dkt. No. 18 at 2.) Those considerations, however, are not relevant under 42 U.S.C. § 2000e-5(f)(3).